GLADNEY, Judge.
This is a tort action for negligent injury and property damage resulting from an automobile collision which occurred on U. S. Highway No. 71, in Red River Parish, Louisiana, about 10:30 A.M. on January 13, 1962. Initially, the suit was instituted on behalf of Allen R. Coolman and his father, Marshall Coolman. While the suit was pending Marshall Coolman died and his widow, Mary Galloway Coolman, and his two sons, Allen R. Coolman and J. W. Coolman were substituted as parties plaintiff. Made defendants were Dayton I. Carlisle and his wife, Violet D. Carlisle and their liability insurer, Marquette Casualty Company. Issue was joined by defendants, who denied liability, alternatively plead contributory negligence of Allen Coolman, and reconvened for damages for personal injuries received by Mrs. Carlisle, and for property and special damages incurred. Following a trial on the merits, *454 judgment was rendered rejecting the plaintiffs’ demands and there was judgment in favor of plaintiffs in reconvention. The plaintiffs have appealed.
At the place where the collision occurred the highway was covered with ice, sleet or snow and driving conditions were very hazardous. Allen R. Coolman was driving a Ford automobile in a northerly direction on the highway, while preceding him was the Pontiac station wagon driven by Violet D. Carlisle, who was traveling in the same direction. Coolman was accompanied by his father and son, aged nineteen years. Mrs. Carlisle was driving alone.
Allen Coolman testified that Mrs. Carlisle pulled her automobile off of the paved surface of the highway and onto the shoulder as if to stop, and then suddenly and without any warning, she pulled her car back onto the paved surface of the highway directly into the path of the oncoming Ford automobile, thereby causing the collision. Also, he stated that he was driving his car at a rate of speed not in excess of fifteen miles per hour, under complete control, and that the Ford automobile struck the Pontiac station wagon near the center of its left side.
Defendants’ version of the accident is that Mrs. Carlisle was traveling in her proper righthand lane of the highway at a very slow rate of speed and the automobile driven by Coolman suddenly crashed into the left rear side of her car.
Negligence is attributed to Mrs. Carlisle in that she failed to make proper observation of the approaching Coolman car and drove her automobile back onto the paved surface of the highway directly into the path of the car being driven by Coolman, without giving any signal of her intention to return from the shoulder back onto the highway. Allen R. Coolman is charged with negligence in driving his automobile at an excessive rate of speed under the circumstances, in following too closely behind the preceding automobile, in failing to keep a proper lookout, and in failing to keep his automobile under control.
The account of the accident as related by Allen Coolman and Mrs. Carlisle presents two diametrically opposed versions of the cause of the accident. Marshall Cool-man and Allen Coolman’s son did not testify about the facts relating to the cause of the collision. The third witness, Bobby Thompson, aged seventeen, testified that he did see the accident, stating that his car was following the Ford automobile and his testimony tended to corroborate that of Coolman. After a careful reading of the record we seriously question whether Thompson actually saw the accident. Ronald B. Cason testified that although he arrived too late to actually see the accident his was the first car to arrive at the scene of the collision and the Thompson car had not then arrived. Thus, the trial court was obliged to depend upon the testimony of the two drivers.
At the conclusion of the trial the judge a quo assigned the following reasons for his decision:
“In my opinion the facts in this case show that the Carlisle car struck an icy place in the road and while her rear wheels had slipped or skidded to the right, the Coolman car following too close, was unable to slow or stop on the icy road, and ran into her.
“Thus, the proximate cause of the accident was the negligence of Mr. Coolman in driving too close behind Mrs. Carlisle on a road made slippery by patches of ice, and thus being unable to stop before striking her when she was slowed down by skidding.
“Since Mrs. Carlisle has been found free of negligence, plaintiffs are not entitled to an award for damages, but on the contrary, Mrs. Carlisle should have judgment for $1,000.00 for her whiplash injury and her husband judgment for $330.00 for Huckaby bill and $338.59 for damages to car, and all costs.”
*455 Our review of the record discloses no error in the factual findings of the trial court. It is our opinion that the judgment is correct. Accordingly, the judgment is affirmed at appellants’ cost.